1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                      )
BRENDA JOYCE LITTLE,                      )
                                                      )        No. C13-1284RSL
                          Plaintiff,              )
                                                      )
            v.                                        )
                                                      )        ORDER GRANTING STATE OF
WASHINGTON STATE, *et al.*,              )        WASHINGTON'S MOTION TO
                                                      )        DISMISS
                          Defendants.          )
                                                      )
_____)

            This matter comes before the Court on "Defendant State of Washington's Motion
to Dismiss."  Dkt. # 16.  In the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the
allegations of the complaint are accepted as true and construed in the light most favorable to
plaintiff.  In re Syntex Corp. Sec. Litig., 95 F.3d 922, 925-26 (9th Cir. 1996); LSO, Ltd. v. Stroh,
205 F.3d 1146, 1150 n.2 (9th Cir. 2000).  The question for the Court is whether the well-pled
facts in the complaint sufficiently state a "plausible" ground for relief.  Bell Atl. Corp. v.
Twombly, 550 U.S. 544, 570 (2007).

            Having reviewed the papers submitted by the parties,[1] the Court finds that plaintiff
has failed to show that she is entitled to relief against the State of Washington for the following
reasons:

_____

        [1]  The Court has taken judicial notice of the filings and dispositive rulings in Little v. State of
Washington, C11-1387JLR.

ORDER GRANTING STATE OF WASHINGTON'S
MOTION TO DISMISS

1     1.     Plaintiff's claims are barred by the doctrine of res judicata, which precludes

2   litigation in a subsequent action of any claims that were raised or could have been raised in a

3   prior action.  Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001).  In

4   August 2011, plaintiff filed suit against a number of defendants, including the State of

5   Washington, based on an alleged conspiracy "to kill by cutting off the oxygen, life blood of the

6   Law Office of Brenda [J. Little] and to illegally attempt to disgorge Little from the ranks of

7   licensed attorneys by unlawfully and dishonestly taking her law license." Little v. State of

8   Washington, C11-1387JLR (Dkt. # 16 at 2).  Plaintiff asserted a vast array of claims, including

9   civil conspiracy, fraud, burglary and attempted assault, federal constitutional violations under 42

10  U.S.C. § 1983, breach of fiduciary and contractual duties, hostile work environment, failure to

11  accommodate, and intentional infliction of emotional distress.  The State of Washington moved

12  to dismiss, arguing that most of plaintiff's claims were barred by the Eleventh Amendment, that

13  plaintiff had failed to adequately plead her federal causes of action under Bell Atl. Corp. v.

14  Twombly, 550 U.S. 544 (2007), and that the court should decline to exercise its supplemental

15  jurisdiction over the remaining state law claims.  C11-1387JLR (Dkt. # 24).

16          In response, plaintiff acknowledged the validity of the immunity defense and

17  requested dismissal of all claims against the State of Washington with prejudice.  C11-1387

18  (Dkt. # 32).  Plaintiff's motion was granted:  the court dismissed her claims against the State and

19  struck the pending motion to dismiss.  C11-1387 (Dkt. # 42).  As specifically requested by

20  plaintiff, the dismissal was with prejudice.  When plaintiff attempted to include the State as a

21  defendant in her First Amended Complaint, the court struck any and all claims asserted against

22  the State because they violated the previous dismissal order.  Dkt. # 52 and # 58.  Plaintiff did

23  not appeal either the initial dismissal order or the order striking her amended claims against the

24  State.

25          On July 19, 2013, plaintiff filed the above-captioned matter.  The primary factual

26

ORDER GRANTING STATE OF WASHINGTON'S
MOTION TO DISMISS                -2-

1    allegation is that the Washington State Supreme Court adopted regressive and discriminatory

2    procedures for assessing lawyers with disabilities, procedures that were used by the State to

3    "illegally confiscate[] property, law license". Dkt. # 1 at 2 and 19.  Plaintiff alleges that the

4    State violated 42 U.S.C. § 1983 by (a) discriminating in access to justice system, (b) failing to

5    ensure equal protection under the laws, (c) failing to provide services under the Americans with

6    Disabilities Act, (d) failing to train and/or deliberate indifference, and (e) "state agency's risk

7    inherent in system." Dkt. # 1 at 25.  Although plaintiff has refashioned her § 1983 claim to some

8    extent, this time focusing on the State's alleged refusal to acknowledge and accommodate her

9    disability in the disciplinary proceedings that resulted in the deactivation of her bar membership,

10   the two suits arise from the same transactional nucleus of facts and both actions involved equal

11   protection and failure to accommodate claims.  Plaintiff could have asserted the current

12   permutations of her § 1983 claim against the State of Washington in the prior litigation, but did

13   not do so, apparently because she did not discover the legal theories she is currently pursuing

14   until she conducted additional research for her appeal to the Ninth Circuit. Dkt. # 28 at 2.

15          "Res judicata is applicable whenever there is (1) an identity of claim, (2) a final

16   judgment on the merits, and (3) privity between the parties." Stratosphere Litig., LLC v. Grand

17   Casinos, Inc., 298 F.3d 1137, 1143 n.3 (9th Cir. 2002).  An imaginative litigant may not avoid

18   res judicata "by attaching a different legal label to an issue that has, or could have, been

19   litigated." Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Auth., 322 F.3d

20   1064, 1077-78 (9th Cir. 2003).  "It is immaterial whether the claims asserted subsequent to

21   judgment were actually pursued in the action that led to the judgment; rather, the relevant

22   inquiry is whether they could have been brought." U.S. ex rel. Barajas v. Northrop Corp., 147

23   F.3d 905, 909 (9th Cir. 1998).  Plaintiff fails to acknowledge the prior dismissal with prejudice

24   of her claims against the State of Washington or offer a reasoned argument for why res judicata

25   should not bar the newly-asserted claims against that same defendant.

26

ORDER GRANTING STATE OF WASHINGTON'S
MOTION TO DISMISS                      -3-

1    2.    As plaintiff apparently recognized in the earlier litigation, the State enjoys broad

2    immunity from suit in federal court.  Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299,

3    304 (1990).  Plaintiff has failed to respond to the State's Eleventh Amendment argument or

4    otherwise show that the State has waived its sovereign immunity to suits in federal court.  All

5    claims against the State other than a claim asserted under Title II of the Americans with

6    Disabilities Act (Phiffer v. Columbia River Correctional Institute, 384 F.3d 791, 792 (9th Cir.

7    2004)) are barred by the Eleventh Amendment.

8

9    For all of the foregoing reasons, the State of Washington's motion to dismiss is

10    GRANTED.

11    DATED this 25th day of November, 2013.

12

13

14    _MM S Lasnik_

15    Robert S. Lasnik
      United States District Judge

16

17

18

19

20

21

22

23

24

25

26