UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                              )
BRENDA JOYCE LITTLE,                       )
                                                              )   No. C13-1284RSL
                        Plaintiff,                       )
        v.                                                 )
                                                              )   ORDER GRANTING WSBA
WASHINGTON STATE, *et al.*,            )   DEFENDANTS' MOTION TO
                                                              )   DISMISS
                        Defendants.                 )
_____)

This matter comes before the Court on "Defendants Joanne Abelson, Julie Shankland, Craig Beles, and Washington State Bar Association Board of Governors' Motion to Dismiss." Dkt. # 17. In the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or 12(c), the allegations of the complaint are accepted as true and construed in the light most favorable to plaintiff. In re Syntex Corp. Sec. Litig., 95 F.3d 922, 925-26 (9th Cir. 1996); LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). The question for the Court is whether the well-pled facts in the complaint sufficiently state a "plausible" ground for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Having reviewed the papers submitted by the parties,[1] the Court finds that plaintiff has failed to show that she is entitled to relief against Joanne Abelson, Julie Shankland, Craig Beles, or Washington State Bar Association Board of Governors ("the WSBA defendants") for

---

[1] The Court has taken judicial notice of the filings and dispositive rulings in Little v. State of Washington, C11-1387JLR.

ORDER GRANTING WSBA DEFENDANTS'
MOTION TO DISMISS

the following reasons:

1.  Plaintiff's claims are barred by the doctrine of res judicata, which precludes litigation in a subsequent action of any claims that were raised or could have been raised in a prior action. Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001). In August 2011, plaintiff filed suit against a number of defendants, including the Washington State Bar Association ("WSBA"), based on an alleged conspiracy "to kill by cutting off the oxygen, life blood of the Law Office of Brenda [J. Little] and to illegally attempt to disgorge Little from the ranks of licensed attorneys by unlawfully and dishonestly taking her law license." Little v. State of Washington, C11-1387JLR (Dkt. # 16 at 2). Plaintiff asserted a vast array of claims, including civil conspiracy, fraud, burglary and attempted assault, federal constitutional violations under 42 U.S.C. § 1983, violations of 42 U.S.C. § 1981, breach of fiduciary and contractual duties, hostile work environment, failure to accommodate, and intentional infliction of emotional distress. The WSBA moved to dismiss, arguing that plaintiff had failed to adequately plead many of her causes of action under Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and that the court should decline to exercise its supplemental jurisdiction over the state law claims. C11-1387JLR (Dkt. # 27). The court granted the motion to dismiss, finding plaintiff's claims to be inadequate because "(1) many counts are supported only by conclusory allegations . . . and (2) other counts are supported by allegations that are so confusing that they do not satisfy Federal Rule of Civil Procedure 8(a)(2)'s requirement that a complaint contain a '*short and plain* statement of the claim showing that the pleader is entitled to relief.'" C11-1387JLR (Dkt. # 48 at 5) (emphasis in court order). Plaintiff was given leave to amend.

Plaintiff timely filed an amended complaint, asserting claims of civil conspiracy, tortious interference, intentional infliction of emotional distress, violations of 42 U.S.C. § 1981, violations of 42 U.S.C. § 1983 (including deprivations of first amendment, equal protection, and due process rights as well as disability discrimination), and defamation against the WSBA. C11-

ORDER GRANTING WSBA DEFENDANTS'
MOTION TO DISMISS                               -2-

1387JLR (Dkt. # 51 at 37-43).  The court again dismissed the claims, this time with prejudice. C11-1387JLR (Dkt. # 79).  Plaintiff appealed to the Ninth Circuit Court of Appeals, which affirmed the dismissal and declined to consider arguments and allegations plaintiff raised for the first time on appeal.  C11-1387JLR (Dkt. # 85).[2]

Two months after the Ninth Circuit's mandate issued, plaintiff filed the above-captioned matter.  Rather than sue the WSBA again, plaintiff named the WSBA's Board of Governors and three WSBA employees as defendants.  The primary factual allegation is that the Washington State Supreme Court adopted regressive and discriminatory procedures for assessing lawyers with disabilities, procedures that were used by the WSBA defendants to "illegally confiscate[] property, law license".  Dkt. # 1 at 2 and 19.  Plaintiff alleges that defendants Abelson, Shankland, and the WSBA Board of Governors, utilizing the WSBA's discriminatory procedures, violated 42 U.S.C. § 1983 and § 1985(3) by (a) invading the physician/patient relationship, (b) conducting an unlawful search and seizure, (c) violating plaintiff's right against self incrimination, (d) violating plaintiff's rights to freedom of speech and to petition the courts, (e) exposing her to double jeopardy, (f) failing to ensure equal protection of the laws, and (g) failing to accommodate and discriminating on account of plaintiff's disability.  Dkt. # 1 at 30-49.  Plaintiff alleges that defendant Beles, the WSBA hearing officer, violated 42 U.S.C. § 1985(3) by compelling the invasion of the physician/patient relationship and depriving plaintiff of a fair hearing.  Dkt. # 1 at 57-58.  Although plaintiff has refashioned her § 1983 and conspiracy claims, this time focusing on the WSBA defendants' alleged refusal to acknowledge and accommodate her disability in the disciplinary proceedings

---

[2] Contrary to plaintiff's apparent belief, the Ninth Circuit's refusal to consider arguments that were not timely raised was not an invitation to file another lawsuit: those arguments were effectively waived as far as the 2011 litigation is concerned.  Officers for Justice v. Civil Serv. Comm'n of City and County of San Francisco, 979 F.2d 721, 726 (9th Cir. 1992).  Because the doctrine of res judicata applies, the arguments cannot be resuscitated simply by filing a third lawsuit involving the same events and actions.

ORDER GRANTING WSBA DEFENDANTS'
MOTION TO DISMISS                        -3-

that resulted in the deactivation of her bar membership, the two suits clearly arise from the same transactional nucleus of facts.

"Res judicata is applicable whenever there is (1) an identity of claim, (2) a final judgment on the merits, and (3) privity between the parties." Stratosphere Litig., LLC v. Grand Casinos, Inc., 298 F.3d 1137, 1143 n.3 (9th Cir. 2002). An imaginative litigant may not avoid res judicata "by attaching a different legal label to an issue that has, or could have, been litigated." Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Auth., 322 F.3d 1064, 1077-78 (9th Cir. 2003). "It is immaterial whether the claims asserted subsequent to judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought." U.S. ex rel. Barajas v. Northrop Corp., 147 F.3d 905, 909 (9th Cir. 1998). Plaintiff could have asserted the current permutations of her § 1983 claim in the prior litigation, but did not do so, apparently because she did not discover the legal theories she is currently pursuing until she conducted additional research for her appeal to the Ninth Circuit. Dkt. # 28 at 2. The events of which plaintiff complains all predated the prior litigation and should have been litigated in the first suit in order to avoid piecemeal litigation regarding the same events and occurrences. The fact that plaintiff is now suing the WSBA Board of Governors and three WSBA employees rather than the WSBA itself is immaterial. Identity of the parties for purposes of res judicata "is a flexible concept dependent on the particular relationship between the parties in each individual set of cases." U.S. v. Liquidators of European Fed. Credit Bank, 630 F.3d 1139, 1150 (9th Cir. 2011). The key issue is whether the new defendant is "so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." Fed. Trade Comm'n v. Garvey, 383 F.3d 891, 897 (9th Cir. 2004). The WSBA, whose liability in the first suit was predicated largely upon the alleged wrongdoing of its employees, has shared interests with the new defendants and successfully represented those interests in the first suit. See Adams v. Cal.

ORDER GRANTING WSBA DEFENDANTS'
MOTION TO DISMISS                              -4-

1  Dept. of Health Servs., 487 F.3d 684, 691 (9th Cir. 2007) (affirming dismissal of second suit in
2  which employees of the defendant in first still-pending suit were named).  Plaintiff will not be
3  permitted to file a series of lawsuits against various WSBA employees or operational units,
4  forcing the WSBA to repeatedly defend the same actions in the hopes that she can obtain a better
5  result in later litigations.
6         Plaintiff fails to acknowledge the prior dismissal with prejudice of her claims
7  against the WSBA or offer a reasoned argument for why res judicata should not bar the newly-
8  asserted claims against that defendant's employees and operational units.
9      2.   The WSBA defendants enjoy quasi-judicial immunity from suits seeking damages
10 for acts taken in a judicial or prosecutorial role.[3]  Judicial and quasi-judicial immunities are
11 founded on the theory that the interests of the public are best served if judges and quasi-judicial
12 officers (such as prosecutors and agency officials performing actions functionally similar to
13 those performed by a judge) are free to act independently and without fear of retributory suits
14 and/or personal liability.  See Savage v. State, 127 Wn.2d 434, 441 (1995); Taggart v. State, 118
15 Wn.2d 195, 203-07 (1992); Creelman v. Svenning, 67 Wn.2d 882, 884 (1966).  There is no
16 reasonable dispute regarding the quasi-judicial nature of the WSBA's functions in investigating
17 and adjudicating the claims of attorney malfeasance and disability at issue in this case.  The state
18 Supreme Court has sole authority to discipline attorneys in the State of Washington and has
19 delegated fact finding and adjudicative responsibilities to the WSBA.  In re Disciplinary
20 Proceeding Against Whitney, 155 Wn.2d 451, 461 (2005).  Persons carrying out the Supreme
21 Court's responsibility for administering the lawyer discipline and disability system are expressly
22 clothed in the Supreme Court's authority and share its immunity.  Rule for Enforcement of
23 Lawyer Conduct ("ELC") 2.1; General Rule 12.3.  The WSBA defendants' actions in this case

---

[3] Although judicial immunity is not a bar to a claim for prospective injunctive relief under 42 U.S.C. § 1983 (Pullman v. Allen, 466 U.S. 522 (1984)), plaintiff explicitly seeks damages in this suit.

ORDER GRANTING WSBA DEFENDANTS'
MOTION TO DISMISS              -5-

1 were necessary to the prosecution and adjudication of plaintiff's disciplinary proceeding and
2 subsequent requests for readmission.  Plaintiff has not identified any act of the WSBA
3 defendants that falls outside their quasi-judicial immunity.

5       For all of the foregoing reasons, defendants Abelson, Shankland, Beles, and the
6 WSBA Board of Governors' motion to dismiss is GRANTED.

      DATED this 25th day of November, 2013.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge