1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7
8
9
10
11
12

_____
)
BRENDA JOYCE LITTLE,                                    )
                                                                          )          No. C13-1284RSL
                                            Plaintiff,          )
                                                                          )
            v.                                                          )
                                                                          )          ORDER GRANTING DRS.
WASHINGTON STATE, *et al.*,                         )          MUSCATEL AND RICHARDS'
                                                                          )          MOTION TO DISMISS
                                            Defendants.   )
_____)

13          This matter comes before the Court on "Defendants Kenneth Muscatel and Henry

14   Richards' Motion to Dismiss."  Dkt. # 24.  In the context of a motion to dismiss under Fed. R.

15   Civ. P. 12(b)(6), the allegations of the complaint are accepted as true and construed in the light

16   most favorable to plaintiff.  In re Syntex Corp. Sec. Litig., 95 F.3d 922, 925-26 (9th Cir. 1996);

17   LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000).  The question for the Court is

18   whether the well-pled facts in the complaint sufficiently state a "plausible" ground for relief.

19   Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

20          Having reviewed the papers submitted by the parties,[1] the Court finds that plaintiff

21   has failed to show that she is entitled to relief against Drs. Muscatel or Richards for the

22   following reasons:

23

24   _____

25       [1]  The Court has taken judicial notice of the filings and dispositive rulings in Little v. State of
     Washington, C11-1387JLR.

26

ORDER GRANTING DRS. MUSCATEL
AND RICHARDS' MOTION TO DISMISS

1.      Plaintiff's claims against Dr. Muscatel are barred by the doctrine of res judicata, which precludes litigation in a subsequent action of any claims that were raised or could have been raised in a prior action. Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001). In late 2011, plaintiff was given leave to amend her complaint in Little v. State of Washington, C11-1387JLR. The amended pleading adding Dr. Muscatel as a defendant and asserted claims of civil conspiracy, tortious interference, intentional infliction of emotional distress, violations of 42 U.S.C. § 1981, and defamation against him. C11-1387JLR (Dkt. # 51 at 37-41). Although not explicitly stated in the amended complaint, the alleged conspiracy seems to have been designed to besmirch plaintiff's reputation as a lawyer and suspend or invalidate her license to practice law. In light of plaintiff's three attempts to state a plausible conspiracy claim, the court dismissed the amended complaint with prejudice. C11-1387JLR (Dkt. # 79). Plaintiff appealed to the Ninth Circuit Court of Appeals, which affirmed the dismissal and declined to consider arguments and allegations plaintiff raised for the first time on appeal. C11-1387JLR (Dkt. # 85).[2]

     Two months after the Ninth Circuit's mandate issued, plaintiff filed the above-captioned matter, naming both Drs. Muscatel and Richards as defendants. Plaintiff alleges that Drs. Muscatel and Richards acted in concert with the other defendants to "illegally confiscate[] property, law license" by making false diagnoses that would support disciplinary action against her. Dkt. # 1 at 2 and 49-57. The only claim asserted against these defendants is a violation of 42 U.S.C. § 1985(3). Although plaintiff has altered the legal claim asserted, both suits arise from the same alleged conspiracy to exclude plaintiff from the practice of law in the State of

---

[2] Contrary to plaintiff's apparent belief, the Ninth Circuit's refusal to consider arguments that were not timely raised was not an invitation or authorization to file another lawsuit: those arguments were effectively waived as far as the 2011 litigation is concerned. Officers for Justice v. Civil Serv. Comm'n of City and County of San Francisco, 979 F.2d 721, 726 (9th Cir. 1992). Because the doctrine of res judicata applies to the claims against Dr. Muscatel, the arguments cannot be resuscitated simply by filing another lawsuit involving the same events and actions.

1    Washington and arise from the same transactional nucleus of facts.

2         "Res judicata is applicable whenever there is (1) an identity of claim, (2) a final

3    judgment on the merits, and (3) privity between the parties."  Stratosphere Litig., LLC v. Grand

4    Casinos, Inc., 298 F.3d 1137, 1143 n.3 (9th Cir. 2002).  An imaginative litigant may not avoid

5    res judicata "by attaching a different legal label to an issue that has, or could have, been

6    litigated."  Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Auth., 322 F.3d

7    1064, 1077-78 (9th Cir. 2003).  "It is immaterial whether the claims asserted subsequent to

8    judgment were actually pursued in the action that led to the judgment; rather, the relevant

9    inquiry is whether they could have been brought."  U.S. ex rel. Barajas v. Northrop Corp., 147

10    F.3d 905, 909 (9th Cir. 1998).  Plaintiff could have asserted the current permutations of her

11    conspiracy claim against Dr. Muscatel in the prior litigation, but did not do so.  The events of

12    which plaintiff complains all predated the prior litigation and should have been litigated in the

13    first suit in order to avoid piecemeal litigation regarding the same events and occurrences.

14    Plaintiff fails to acknowledge the prior dismissal with prejudice of her claims against Dr.

15    Muscatel or offer a reasoned argument for why res judicata should not bar the newly-asserted

16    claim against him.

17         2.     It is undisputed that Drs. Muscatel and Richards evaluated plaintiff at the request

18    of the Washington State Bar Association hearing officer to enable him to perform his

19    adjudicatory functions.  As discussed more fully in the Court's "Order Granting WSBA

20    Defendants' Motion to Dismiss," the WSBA and its employees enjoy quasi-judicial immunity

21    from suits seeking damages for acts taken in a judicial or prosecutorial role.[3]  Experts and agents

22    who, at the request of the court, provide reports to assist the judicial or quasi-judicial officer in

23    adjudicating the matter are also entitled to immunity.  Barr v. Day, 124 Wn.2d 318 (1994)

24

25       [3] Although judicial immunity is not a bar to a claim for prospective injunctive relief under 42
26    U.S.C. § 1983 (Pullman v. Allen, 466 U.S. 522 (1984)), plaintiff explicitly seeks damages in this suit.

1    (guardian ad litem); <u>Taggart v. State</u>, 118 Wn.2d 195 (1992) (parole officer); <u>Reddy v. Karr</u>, 102

2    Wn. App. 742 (2000) (social worker).  Drs. Muscatel and Richards' evaluations of plaintiff were

3    necessary to the prosecution and adjudication of plaintiff's disciplinary proceeding and

4    subsequent requests for readmission.  Plaintiff has not identified any act on the part of the

5    doctors that falls outside their quasi-judicial immunity.

6

7          For all of the foregoing reasons, Drs. Muscatel and Richards' motion to dismiss is

8    GRANTED.

9

          DATED this 25th day of November, 2013.

10

11

12          _MM S Casnik_

13          Robert S. Lasnik
            United States District Judge
14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING DRS. MUSCATEL
AND RICHARDS' MOTION TO DISMISS          -4-