1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7
8   BRENDA JOYCE LITTLE,                    )
                                           )       No. C13-1284RSL
9              Plaintiff,                   )
        v.                                  )
10                                          )       ORDER DENYING PLAINTIFF'S
    WASHINGTON STATE, *et al.*,             )       MOTION FOR DECLARATORY
11                                          )       JUDGMENT
               Defendants.                  )
12  _____)

13         This matter comes before the Court on plaintiff's "Motion for Declaratory

14  Judgment Based Upon 1933 Legislature's Unconstitutional Delegation of Pure Legislative

15  Powers." Dkt. # 12. Plaintiff's thirty-nine page motion begins with a discourse regarding

16  economic substantive due process and the Lochner era, touches on the federal separation of

17  powers doctrine, and addresses various abstention doctrines before getting to the point of the

18  motion: plaintiff seeks a declaration that the Rules for Enforcement of Lawyer Conduct

19  ("ELCs") are invalid because the Washington state legislature improperly delegated legislative

20  power to the state judiciary when it enacted the State Bar Act, RCW 2.48.010 *et seq*., in 1933

21  and created the Washington State Bar Association ("WSBA").

22         For purposes of this motion, the Court will assume that plaintiff's claim for

23  declaratory relief is not barred by the doctrine of res judicata. Nevertheless, plaintiff's request

24  must be denied. The Declaratory Judgment Act, 28 U.S.C. § 2201, is not a jurisdictional statute:

25  federal jurisdiction must independently exist over the dispute. Skelly Oil Co. v. Phillips

26

ORDER DENYING PLAINTIFF'S MOTION
FOR DECLARATORY JUDGMENT

Petroleum Co., 339 U.S. 667, 671 (1950); Courtney v. Goltz, __ F.3d __, 2013 WL 6224342, at *3 (9th Cir. Dec. 2, 2013).  Although plaintiff discusses the separation of powers doctrine as it has been interpreted by the federal courts, her claim is that the delegation of authority that occurred in 1933 violated the separation of powers enshrined in the state constitution.  Plaintiff has not identified, and the Court has not found, any federal constitutional provision or federal statute that mandates a particular division of power within state government or otherwise prescribes the method by which legislative enactments are made.  As the United States Supreme Court long ago stated:

> As the authority is conferred for the purpose of making laws for the state, it follows, in the absence of an indication of a contrary intent, that the exercise of the authority must be in accordance with the method which the state has prescribed for legislative enactments.  We find no suggestion in the federal constitutional provision of an attempt to endow the Legislature of the state with power to enact laws in any manner other than that in which the Constitution of the state has provided that laws shall be enacted.

Smiley v. Holm, 285 U.S. 355, 367-68 (1932).  Whether the state complied with its own constitutional and/or statutory requirements in enacting the State Bar Act is not a federal question over which this Court has subject matter jurisdiction.[1]

---

[1] If the Court were to entertain plaintiff's request for a declaratory judgment, it would find that the legislative creation of the Washington State Bar Association and the concomitant enumeration of the association's structure, powers, and obligations does not constitute an unlawful delegation of legislative authority.  In enacting the State Bar Act (which incorporated existing provisions of law), the legislature performed its essential legislative function, establishing the association's membership, its rule-making authority, and general standards for the association's operations and admission to the bar.  The WSBA was not entrusted with, nor has it sought to exercise, the power to enact laws of general applicability.  Rather, the WSBA was and is authorized to make rules governing the activities of its members within the limitations established by the legislature.  The separation of powers doctrine "has never been regarded as denying to [the Legislature] the necessary resources of flexibility and practicality, which will enable it to perform its function in laying down policies and establishing standards, while leaving to selected instrumentalities the making of subordinate rules within prescribed limits and the determination of facts to which the policy as declared by the Legislature is to apply."  A.L.A. Schechter Poultry Corp. v. United States, 295 U.S. 495, 530 (1935).

ORDER DENYING PLAINTIFF'S MOTION
FOR DECLARATORY JUDGMENT                    -2-

1        For all of the foregoing reasons, plaintiff's motion for declaratory judgment is

2   DENIED.

3        Dated this 12th day of December, 2013.

4

5        _Robert S. Lasnik_

6        Robert S. Lasnik
        United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER DENYING PLAINTIFF'S MOTION
FOR DECLARATORY JUDGMENT              -3-