UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                          )
BRENDA JOYCE LITTLE,                      )
                                          )   No. C13-1284RSL
                Plaintiff,       )
     v.                                   )
                                          )   PRE-FILING BAR ORDER
WASHINGTON STATE, *et al.*,               )
                                          )
                Defendants.      )
_____)

        This matter comes before the Court on the Washington State Bar Association defendants' and the State of Washington's requests for the imposition of a pre-filing bar order against plaintiff. Dkt. # 19 and # 22. Defendants Richards and Muscatel joined in the WSBA defendants' motion. Dkt. # 26.

        Plaintiff, an attorney representing herself, has filed three actions in this district, all arising out of attorney disciplinary proceedings that resulted in her transfer to disability inactive status and the loss of her law practice. See Little v. Martin-Morris, C11-0091GMK (W.D. Wash.); Little v. State of Washington, C11-1387JLR (W.D. Wash.); Little v. State of Washington, C13-1284RSL (W.D. Wash.). The first action resulted in a dismissal under Fed. R. Civ. P. 12(b)(6) with leave to amend. Little v. Martin-Morris, C11-0091GMK, Dkt. # 18 (W.D. Wash. May 25, 2011). Rather than seek to remedy the defects identified by the court, plaintiff filed a notice of voluntary dismissal, and the case was dismissed without prejudice on June 7, 2011.

        Ten weeks later, plaintiff filed suit against a number of defendants, including the

PRE-FILING BAR ORDER

1  WSBA and the State of Washington, based on an alleged conspiracy "to kill by cutting off the
2  oxygen, life blood of the Law Office of Brenda [J. Little] and to illegally attempt to disgorge
3  Little from the ranks of licensed attorneys by unlawfully and dishonestly taking her law license."
4  Little v. State of Washington, C11-1387JLR (Dkt. # 16 at 2).  When the State of Washington
5  asserted its Eleventh Amendment immunity, plaintiff dismissed all claims against that defendant
6  with prejudice.  C11-1387 (Dkt. # 32).  The claims against the WSBA were dismissed by the
7  court for failure to comply with Fed. R. Civ. P. 8(a) and Bell Atl. Corp. v. Twombly, 550 U.S.
8  544 (2007).  Plaintiff timely filed an amended complaint,[1] but it was again found to be deficient.
9  Plaintiff's claims were dismissed with prejudice, and the dismissal was affirmed on appeal.  The
10 Ninth Circuit Court of Appeals declined to consider arguments regarding an alleged violation of
11 the Americans with Disabilities Act that plaintiff raised for the first time on appeal.  C11-
12 1387JLR (Dkt. # 85).

13         Two months after the Ninth Circuit's mandate issued, plaintiff filed the above-
14 captioned matter.  Plaintiff again sued the State of Washington and named the WSBA's Board of
15 Governors and three WSBA employees as defendants.  The primary factual allegation is that the
16 Washington State Supreme Court adopted regressive and discriminatory procedures for
17 assessing lawyers with disabilities, procedures that were used by the WSBA defendants to
18 "illegally confiscate[] property, law license".  Dkt. # 1 at 2 and 19.  Plaintiff's claims against the
19 moving defendants have now been dismissed, primarily on res judicata and immunity grounds.[2]

20         Although plaintiff has refashioned her claims and expanded the list of defendants
21 over the past two years, all three suits clearly arise from the same transactional nucleus of facts
22 and were or should have been litigated in the earlier suit(s).  Plaintiff's successive litigations,

---

[1] The First Amended Complaint identified Kenneth Muscatel as a defendant for the first time. C11-1387JLR (Dkt. # 51).

[2] The claims against defendant Henry Richards were dismissed solely on quasi-judicial immunity grounds because he had not been sued before.

PRE-FILING BAR ORDER                -2-

despite a prior dismissal with prejudice, constitute litigation misconduct: the subsequent actions against the State of Washington and the WSBA defendants are frivolous and harassing. In addition, the cases filed in this district have placed a significant burden on this court. Given that plaintiff has filed three actions in the past two years, there is no reason to believe that plaintiff will discontinue her frivolous and meritless filings without judicial intervention.

## FRIVOLOUSNESS

Plaintiff Brenda J. Little has now filed three federal lawsuits regarding the procedures used during the disciplinary proceeding that resulted in her transfer to disability inactive status. After the second action against the State, the WSBA, and Muscatel was dismissed with prejudice, plaintiff was clearly on notice that any further attempts to hold these defendants liable for wrongs allegedly occurring in the disciplinary process would be fruitless. Nevertheless, plaintiff filed the above-captioned matter against the same defendants. This third action was frivolous to the extent it sought to hold the same defendants, or those with shared interests, liable for the same events.[3]

## IMPROPER PURPOSE

Plaintiff Brenda J. Little clearly believes that the procedures utilized by defendants to investigate and adjudicate complaints against her were unfair, biased, and/or discriminatory and that she has been unjustly deprived of her ability to practice law. Nevertheless, her blank refusal to conform her conduct to the clear and binding determinations of the reviewing courts, her insistence on filing lengthy, convoluted, desultory memoranda, and her unfounded and vitriolic accusations against opposing counsel suggest that she is using frivolous litigation as a tool of harassment directed at anyone and everyone involved in her disciplinary proceedings. Having been told that her claims for recovery against the State, the WSBA, and defendant Muscatel arising out of the disciplinary proceedings have been dismissed with prejudice, and

---

[3] Plaintiff's claims against Kenneth Burton have survived a motion to dismiss and Harish Bharti has not yet appeared. This bar order has no effect on the pending causes of action.

PRE-FILING BAR ORDER                -3-

given her legal training and background, the most likely explanation for plaintiff's continued attempts to assert meritless claims against these defendants is an improper purpose to harass.

### SANCTIONS

Litigation misconduct is sanctionable under the Court's inherent powers, General Rule 3(d), and Fed. R. Civ. P. 11.  See Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001).  The Court has the inherent authority "to sanction a party . . . if it acts in 'willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons,' as well as for 'willful[ ] abuse [of the] judicial processes.'"  Gomez v. Vernon, 255 F.3d 1118, 1133-34 (9th Cir. 2001) (citing Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980)).  The Court has authority under Local General Rule 3(d) to sanction a party who "presents to the court unnecessary motions or unwarranted opposition . . ., or who otherwise so multiplies or obstructs the proceedings in a case as to increase the cost thereof unreasonably and vexatiously."  GR 3(d); Cf. 28 U.S.C. § 1927.  Rule 11 also provides a basis for sanctions where "a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose."  Estate of Blue v. County of Los Angeles, 120 F.3d 982, 985 (9th Cir. 1997).  When faced with litigation abuses by a *pro se* party, a court "cannot . . . decline to impose a sanction, where a violation has arguably occurred, simply because plaintiff is proceeding *pro se*."  Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994).

Contrary to plaintiff's primary argument, the imposition of a bar order in the circumstances presented here would not work a deprivation of plaintiff's right to petition the courts.  Plaintiff has had multiple opportunities to assert her claims: the issue is whether she can continue to do so when their lack of merit has been established.  Plaintiff has provided no argument or evidence that would justify her seemingly wilful failure to credit the earlier district and appellate court determinations.  While perseverance is often counted as a virtue, it must be tempered by reason and experience.  Having been told that claims related to her disciplinary proceedings were dismissed with prejudice, plaintiff's continued efforts to hold defendants liable

1 are harassing and cannot continue.  For all of the foregoing reasons, it is hereby ORDERED that:

2     Any *pro se* complaint submitted for filing in this district in which Brenda J. Little
3 is a named plaintiff or purports to act as party representative shall be subject to review by the
4 Court prior to issuance of summons or service of process.  The following review provisions shall
5 apply, except in cases where Ms. Little is represented by an attorney licensed to practice law in
6 this district:

7 $ The court will review the proposed complaint to determine whether good cause
8 exists to permit the action to proceed in light of the claims raised therein and Ms. Little's
9 past litigation abuses.  The proposed complaint shall comply with Fed. R. Civ. P. 8(a) and
10 provide a clear statement of the factual and legal basis for each claim asserted and
11 specifically identifying each defendant against whom the claim is asserted.  The proposed
12 complaint shall be accompanied by a signed statement explaining, on a claim-by-claim
13 basis, (a) whether each claim was raised in any prior action (with an appropriate citation)
14 and (b) why each claim is not barred by the doctrine of *res judicata* and/or the applicable
15 immunity.

16 $ If the court determines that good cause has not been shown, the action will be
17 dismissed sua sponte without further notice.  If the court also determines that sanctions
18 are appropriate, those shall be imposed at the same time the action is dismissed.  Ms.
19 Little shall have an opportunity to explain why sanctions should not be imposed in a post-
20 judgment motion for reconsideration filed within ten days of the judgment.

Dated this 12th day of December, 2013.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge